# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Case No. 3:14-cv-556-MMH-PDB

SHAWN ANDRADE,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the United States' Renewed Motion for Summary Judgment (Doc. 44; Motion), filed on January 15, 2020. Although given adequate time to do so, Defendant Shawn Andrade has not filed a response or submitted any evidence in opposition to the Motion. Accordingly, this matter is ripe for review.

## I. Factual Background[1]

In the late 1990s, Andrade obtained three student loans that were reinsured by the United States Department of Education (Department). See Motion at 15, Composite Ex. C: Certificate of Indebtedness #1 of 3 (Certificate

---

[1] Unless otherwise noted, the facts recited herein are undisputed based on the record before the Court. For the purposes of resolving the Motion, the Court views all disputed facts and reasonable inferences in the light most favorable to the nonmoving party. See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).

1); Motion at 16, Composite Ex. C: Certificate of Indebtedness #2 of 3 (Certificate 2); Motion at 19, Ex. E: Certificate of Indebtedness #3 of 3 (Certificate 3). On October 2, 1996, Andrade executed a promissory note to obtain the first loan in the amount of $2,625.00 (Loan 1). See Motion at 11–12, Ex. A: Application and Promissory Note for Federal Stafford Loans (Promissory Note 1); Certificate 1. The proceeds of Loan 1 were disbursed from October 15, 1996, through January 10, 1997. See Certificate 1. On November 24, 2000, Andrade defaulted on Loan 1, and on August 13, 2007, the loan guarantor assigned it to the Department. See id. As of January 7, 2020, Andrade owed the United States $2,979.83 in principal on Loan 1 and $1,034.77 in accrued interest. See id. Since that date, additional interest continued to accrue at a rate of 5.46% ($0.45 per day) through June 30, 2020.[2] See id.

On May 11, 1998, Andrade signed a promissory note to obtain the second loan in the amount of $3,500.00 (Loan 2). See Motion at 13–14, Ex. B: Application and Promissory Note for Federal Stafford Loans (Promissory Note 2); Certificate 2. Andrade received the proceeds of Loan 2 on May 20, 1998, and defaulted on his obligation on November 24, 2000. See Certificate 2. After the default, on August 13, 2007, the loan guarantor assigned it to the Department.

---

[2] All three loans had variable rates of interest, and, as of January 7, 2020, the Department had not yet established the rates that would be applicable after June 30, 2020. See id.; Certificate 2; Certificate 3.

See id. As of January 7, 2020, Andrade owed $3,973.08 in principal and $1,379.57 in accrued interest on Loan 2. See id. The interest rate applicable to Loan 2 on January 7, 2020, was 5.46% ($0.59 per day). See id.

On January 21, 1999, Andrade executed a promissory note to obtain a third loan in the amount of $3,500.00 (Loan 3). See Motion at 17–18, Ex. D: Application and Promissory Note for Federal Stafford Loans (Promissory Note 3); Certificate 3. The proceeds of Loan 3 were disbursed on February 8, 1999. See Certificate 3. Andrade defaulted on his obligation on November 24, 2000. See id. Subsequently, the loan guarantor assigned it to the Department on August 13, 2007. See id. As of January 7, 2020, the principal due on Loan 3 was $3,950.90 and the amount of accrued interest was $920.44. See id. After January 7, 2020, Loan 3 was scheduled to accrue additional interest at a rate of 4.66% ($0.50 per day). See id.

## II.   Procedural History

Plaintiff, the United States of America, initiated this action on May 13, 2014, by filing a complaint asserting two claims. See Complaint (Doc. 1; Complaint). As its "First Cause of Action – Claim Number: 2012A27523," the United States seeks to recover the debt owed on Loan 1 and Loan 2 (Claim 1). See Complaint at 1–2; id. at 4, Ex. A. As its "Second Cause of Action – Claim Number: 2012A27656," the United States seeks a judgment against Andrade on Loan 3 (Claim 2). See Complaint at 2; id. at 5, Ex. B. The United States

alleges that Andrade has not paid his debts after demand for payment was made. See Complaint at 2. On June 11, 2014, Andrade filed an Answer (Doc. 8; Answer) in which he denies the United States' allegations[3] and asserts that he made a good faith effort to make payment arrangements with a debt collector. See id. at 1–2. The United States then moved for entry of summary judgment. See Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 9), filed June 23, 2014. However, shortly thereafter, Andrade notified the Court that he had filed a petition for relief in the United States Bankruptcy Court for the Middle District of Florida. See Suggestion of Bankruptcy (Doc. 11), filed July 21, 2014. In light of the bankruptcy filing, the Court stayed and administratively closed the case pending the outcome of the bankruptcy proceeding. See Order of July 23, 2014 (Doc. 12). On November 15, 2019, the United States advised the Court that the bankruptcy proceeding had concluded. See Status Report (Doc. 40). The United States further informed the Court that the Bankruptcy Court did not discharge the student loan debts at issue here. See id. at 1. The Court subsequently granted the United States' motion to reopen the case. See Motion to Reopen Case (Doc. 41), filed November 29, 2019; Order of Dec. 2, 2019 (Doc. 42).

---

[3] The only allegation Andrade does not deny is the United States' assertion of venue. See id. at 1.

- 4 -

On January 15, 2020, the United States filed the Motion, asking this Court to enter summary judgment against Andrade on both claims. See Motion at 8–9. For Claim 1, the United States seeks damages in the amount of $9,367.25, plus prejudgment interest, post-judgment interest, and costs and attorney fees. See id. at 4, 9. For Claim 2, the United States asks for $4,871.34 in damages and for prejudgment interest, post-judgment interest, and costs and attorney fees. See id. at 5, 9. In support of its Motion, the United States attached copies of three promissory notes and three certificates of indebtedness signed under penalty of perjury by Rubio Canlas, a senior loan analyst with the Department. See Promissory Note 1; Promissory Note 2; Promissory Note 3; Certificate 1; Certificate 2; Certificate 3.

Upon receipt of the Motion, the Court advised Andrade of the provisions of Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), notified him that the granting of the Motion would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Summary Judgment Notice (Doc. 45). On February 11, 2020, after Andrade failed to respond, the Court entered an order directing him to do so on or before March 2, 2020, and advising him that, if he did not, the Court would treat the Motion as unopposed. See Order (Doc. 46). To date, Andrade has not responded to the Motion.

## III. Standard of Review

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[4] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-

---

[4] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 Advisory Committee's Note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and applies here.

In citing to Campbell, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also McCormick v. City of Ft. Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) ("The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case."). In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing

summary judgment." See Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

Significantly, the Eleventh Circuit Court of Appeals has instructed that "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting United States v. One Piece of Real Prop. Located at 5800 SW 74th Avenue, Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004)). As such, the Court "must ensure that the motion itself is supported by evidentiary materials . . . [and] determine if there is, indeed, no genuine issue of material fact." Id. at 1269 (internal quotations omitted).

**IV. Discussion**

Having reviewed the record, the arguments, and the applicable law, the Court finds that the Motion is due to be granted. In the Eleventh Circuit, "[t]o recover on a promissory note for a federally-insured student loan, the U.S. government [is] required to show: (1) the defendant signed the note; (2) the U.S. government is the present owner or holder of the note; and (3) the note is in default." United States v. Romero, 562 F. App'x 943, 948 (11th Cir. 2014) (per curiam); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished table decision). Notably, "[t]he [United States] may establish the

prima facie elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury." United States v. Matthies, No. 8:20-CV-342-T-33CPT, 2020 WL 2735337, at *2 (M.D. Fla. May 26, 2020) (second alteration in original) (quoting United States v. Hennigan, No. 6:13-CV-1609-ORL-31, 2015 WL 2084729, at *7 (M.D. Fla. Apr. 30, 2015)); United States v. Ciaravella, No. 8:18-CV-353-CEH-AEP, 2021 WL 941372, at *7 (M.D. Fla. Mar. 12, 2021), appeal dismissed, No. 21-11657-J, 2021 WL 5548425 (11th Cir. June 17, 2021); see also Romero, 562 F. App'x at 948–49 (affirming summary judgment against a debtor when "the U.S. government's evidence included the three promissory notes" and "the certificates of indebtedness").

Here, the United States has established each element of its claims. The United States produced the relevant promissory notes. See Promissory Note 1; Promissory Note 2; Promissory Note 3. Each promissory note identifies the borrower as "Shawn M. Andrade." See Promissory Note 1; Promissory Note 2; Promissory Note 3. Promissory Note 1 and Promissory Note 2 are signed "Shawn M. Andrade," see Promissory Note 1; Promissory Note 2, while Promissory Note 3 is signed "Shawn Andrade," see Promissory Note 3. In addition, the United States showed that it is the present owner or holder of the promissory notes. For each promissory note, the United States presented a certificate of indebtedness, signed under penalty of perjury, which states that the note was "assigned . . . to the Department" and that Andrade "is indebted

- 9 -

to the United States." Certificate 1; Certificate 2; Certificate 3. Through these certificates, the United States also established that the promissory notes are in default. See Certificate 1 ("[Andrade] defaulted on the obligation on 11/24/2000 . . . ."); Certificate 2 (same); Certificate 3 (same). Although Andrade initially denied the United States' allegations in his Answer, he has not gone "beyond the pleadings" and disputed the authenticity of the promissory notes or the accuracy of the certificates of indebtedness with his "own affidavits, . . . depositions, answers to interrogatories, and admissions on file." Jeffery, 64 F.3d at 593–94; see Matthies, 2020 WL 2735337, at *3. Therefore, the Court finds that there is no genuine dispute of material fact regarding the United States' right to recover on its claims premised on Loan 1, Loan 2, and Loan 3.

The Court further finds that there is no genuine dispute of material fact as to the amount owed to the United States. Under Claim 1, the United States seeks to recover the amounts due on Loan 1 and Loan 2. See Complaint at 1–2. According to Certificate 1, on January 7, 2020, Andrade owed the United States $2,979.83 in principal and $1,034.77 in accrued interest on Loan 1. See Certificate 1. After January 7, 2020, Loan 1 was scheduled to accrue interest at a rate of $0.45 per day through June 30, 2020. See id. However, as part of the federal government's response to the COVID-19 pandemic, student loans

- 10 -

held by the Department have not accrued interest since March 13, 2020.[5]  See Federal Student Aid Programs, 85 Fed. Reg. 79,856, 79,857, 79,862–63 (Dec. 11, 2020); Statement on Extending the Pause on Federal Student Loan Repayments, 2021 Daily Comp. Pres. Doc. 01078 (Dec. 22, 2021), 2021 WL 6062037; COVID-19 Loan Payment Pause and 0% Interest, Fed. Student Aid, U.S. Dep't of Educ., https://studentaid.gov/announcements-events/covid-19/payment-pause-zero-interest (last visited Feb. 8, 2022); see also Matthies, 2020 WL 2735337, at *1.  Because Andrade's loans are held by the Department, no additional interest has accrued since March 13, 2020.  Consequently, the loans only accrued additional prejudgment interest for 65 days from January 7, 2020, through March 12, 2020.  Based on that period, the total additional prejudgment interest due to the United States on Loan 1 is $29.25.[6]  Thus, the United States is entitled to damages of $4,043.85[7] on Loan 1.

On Loan 2, as of January 7, 2020, Andrade owed 3,973.08 in principal and $1,379.57 in accrued interest.  See Certificate 2.  During the 65 days from January 7, 2020, through March 12, 2020, Loan 2 accrued interest at a daily

---

[5] The Court takes judicial notice of this fact pursuant to Rule 201(b) of the Federal Rules of Evidence.

[6] $0.45 (daily rate of interest accrual) x 65 (number of days)

[7] $2,979.83 (principal) + $1,034.77 (accrued interest as of January 7, 2020) + $29.25 (additional prejudgment interest)

rate of $0.59.[8]  See id.  Thus, the additional prejudgment interest that has accrued on Loan 2 is $38.35.[9]  In sum, on Loan 2, the United States is entitled to recover $5,391.00.[10]  Adding together the amounts owed on Loan 1 and Loan 2, judgment is due to be entered in favor of the United States and against Andrade in the amount of $9,434.85[11] on Claim 1.

Under Claim 2, the United States seeks to recover the amount owed on Loan 3.  See Complaint at 2.  According to Certificate 3, Loan 3 had a principal of $3,950.90 and accrued interest of $920.44 on January 7, 2020.  See Certificate 3.  Additional prejudgment interest accrued at a rate of $0.50 per day for 65 days, totaling $32.50.[12]  See id.  Therefore, on Claim 2, the United States is entitled to judgment in the amount of $4,903.84.[13]

---

[8] In its Motion, the United States asserts that both loans at issue in Claim 1 accrued interest at a rate of $0.45 per day.  See Motion at 4.  However, that assertion is incorrect.  Because Loan 2 had a larger principal than Loan 1 on January 7, 2020, Loan 2 accrued more interest per day.

[9] $0.59 (daily rate of interest accrual) x 65 (number of days)

[10] $3,973.08 (principal) + $1,379.57 (accrued interest as of January 7, 2020) + $38.35 (additional prejudgment interest)

[11] $4,043.85 (amount due on Loan 1) + $5,391.00 (amount due on Loan 2)

[12] $0.50 (daily rate of interest accrual) x 65 (number of days)

[13] $3,950.90 (principal) + $920.44 (accrued interest as of January 7, 2020) + $32.50 (additional prejudgment interest)

## V. Conclusion

Upon review of the record, the Court concludes that the Motion is due to be granted to the extent that judgment will be entered in favor of the United States and against Andrade in the amount of $14,338.69.[14]  Accordingly, it is

**ORDERED:**

1. Plaintiff United States' Renewed Motion for Summary Judgment (Doc. 44) is **GRANTED, in part, and DENIED without prefudice, in part.**

   A. The Motion is **GRANTED** to the extent that the Court grants summary judgment in favor of the United States.

   B. The Motion is **DENIED without prejudice** to the extent that the United States requests costs and attorney's fees.

---

[14] $9,434.85 (Claim 1) + $4,903.84 (Claim 2).  The Court notes that the United States includes in the Motion a request for "costs and attorneys fees." See Motion at 9.  The United States does not provide the Court with any legal authority or argument in support of its request.  Pursuant to the Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)), all claims for attorney's fees and related non-taxable expenses must be raised in a separate motion.  See Local Rule 7.01(a)–(b).  Accordingly, the Court will deny the United States' perfunctory request for fees and costs at this time.  The United States may file an appropriate request for costs in accordance with Rule 54(d).  In addition, if the United States intends to seek attorney's fees, it must file a separate motion within fourteen days after the entry of judgment, specifying the judgment and the authority entitling the United States to the award, stating the amount sought or a fair estimate thereof, and including a memorandum of law.  See Local Rule 7.01(b).

2. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff United States of America and against Defendant Shawn Andrade in the amount of $14,338.69.

3. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

4. The Clerk of the Court is further directed to terminate any pending motions and deadlines and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 2, 2022.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties